## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EBOOKS WEB COM, LLC,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **THE HANOVER INSURANCE** | : | |
| **COMPANY,** | : | |
| *Defendant.* | : | **No. 25-cv-2923** |

### MEMORANDUM

**KENNEY, J.**                                                                                      **December 11, 2025**

The Court writes for the Parties and assumes familiarity with the facts of the case. Plaintiff EBooks Web Com, LLC moves for a second time to compel appraisal in a lawsuit against its insurer Defendant The Hanover Insurance Company (ECF No. 23). For the reasons set forth below, the Motion will be **DENIED**.

### I.      DISCUSSION

The Court addressed the legal framework governing appraisal in detail in its opinion denying Plaintiff's first Motion to Compel Appraisal, *see* ECF No. 20 at 2–3, and it incorporates that discussion here. Plaintiff, a book seller, previously moved to compel appraisal of its losses arising from a fire. *See* ECF No. 1-1 at 19–21. After this Court held that appraisal was premature, *see* ECF No. 20 at 7, Plaintiff subsequently moved to compel appraisal specifically for 1,856,612 books damaged in the fire, ECF No. 23 at 2–3.[1] Plaintiff at times suggests that it is seeking an

---

[1] The Court addressed the Parties' appraisal clauses in its prior opinion, *see* ECF No. 20 at 1–2. The relevant appraisal provision of the Parties' insurance policy states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences

appraisal of the replacement cost value of the books, *see* ECF No. 25 at 1, and at other times suggests it is seeking an appraisal of both the replacement cost value and actual cash value, *see id.* at 6 ("The only purpose for which Plaintiff seeks appraisal is to determine what the RCV and ACV valuation is for the 1,856,612 books . . . ." (emphasis omitted)).

Appraisal is appropriate to determine only the dollar value of a loss, *see McGourty v. Pa. Millers Mut. Ins. Co.*, 704 A.2d 663, 664 (Pa. Super. Ct. 1997) (per curiam), and an appraiser does so through the ascertainment of facts, Jordan R. Plitt et al., 15 Couch on Insurance § 209:8 (3d ed. updated June 2025). Appraisal is therefore appropriate, for instance, when parties disagree about the extent of damages or the cause of harms, which are both factual issues that fall within the scope of an appraiser's expertise. *See Williamson v. Chubb Indem. Ins. Co.*, No. 11-cv-6476, 2012 U.S. Dist. LEXIS 31648, at *9 (E.D. Pa. Mar. 8, 2012). In contrast to these issues, appraisal is not appropriate to resolve interpretive disputes about the meaning of an insurance policy. *See Milligan v. CCC Info. Servs.*, 920 F.3d 146, 152–53 (2d Cir. 2019); *Indian Chef, Inc. v. Fire & Cas. Ins. Co.*, No. 02 Civ. 3401, 2003 WL 329054, at *3 (S.D.N.Y. Feb. 13, 2003).

The Parties' dispute about how to value this inventory raises a threshold question of policy interpretation. Plaintiff's policy states that Defendant "will not pay on a replacement cost basis" if "the lost or damaged property is [not] actually repaired or replaced." ECF No. 23-6 at 298. The policy also states that actual cash value, the alternative method of valuing loss, "is calculated as the amount it would cost to repair or replace Covered Property, at the time of loss or damage, with material of *like kind and quality*." *Id.* at 208 (emphasis added). Here, Plaintiff has only replaced a

---

to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.
ECF No. 23-6 at 293.

small fraction of its inventory, and the Parties' exhibits establish that Plaintiff has replaced its inventory, which was comprised of "dated/slow moving titles," with "current books." *See* ECF No. 23-4 at 4. Taking these provisions together, a critical question in valuing Plaintiff's inventory appears to be whether more recent titles are of "like kind and quality" compared to Plaintiff's damaged books. *See* ECF No. 23-6 at 208. And the Parties' disagreement about how to value Plaintiff's inventory seemingly stems from this interpretive dispute.

Plaintiff claims it is not seeking for an appraiser to interpret policy language or address the types of replacement purchases Plaintiff has made. *See* ECF No. 25 at 6. Instead, according to Plaintiff, an appraiser would determine only "what the RCV and ACV valuation is for the 1,856,612 books." *See id.* However, to value the cost of replacing Plaintiff's book inventory, an appraiser would necessarily have to take a position on what titles are of "like kind and quality" to Plaintiff's damaged books. And that is a matter of policy interpretation that is currently in dispute.

Plaintiff also argues that Defendant is merely manufacturing disputes about insurance coverage, and in doing so, renders the policy's appraisal clause useless. *See id.* at 9. However, Defendant appears to point to a legitimate interpretative dispute about whether the newer titles Plaintiff has acquired are of "like kind and quality," which it argues is driving the differences in the Parties' valuations. And Plaintiff has not meaningfully identified why this provision of the policy is not in dispute or is not responsible for the Parties' different valuations. Certainly, insurers may not conjure up coverage disputes to avoid appraisal. But so too, insureds may not use compulsory appraisal to effectively resolve breach-of-contract issues.

More broadly, Plaintiff appears to be attempting to move forward with appraisal in a piecemeal fashion. It asserts it is making a "limited demand for appraisal" regarding the specific issue raised here while the Parties dispute other issues for which appraisal is premature. *See* ECF

No. 23-1 at 4. However, the propriety of approaching appraisal in this manner is not adequately developed by the Parties, and the Court has no occasion to comment on it. Regardless, Plaintiff has failed to show that the issue it has raised here is suitable for appraisal at this juncture.

## II.    <u>CONCLUSION</u>

In light of the foregoing, Plaintiff's Motion (ECF No. 23) will be **DENIED**. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**