**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EBOOKS WEB COM LLC<br><br>vs.<br><br>THE HANOVER INSURANCE GROUP | NO. 2:25-cv-02923-CFK |

**CIVIL ACTION COMPLAINT (1C - Contract)**

Ebooks Web Com LLC, by and through its undersigned counsel, file this complaint and aver as follows:

**PARTIES**

1. Plaintiff, EBooks, is a business operating at the address set forth above as an online retail book seller.

2. Defendant, The Hanover Insurance Company, is a corporation licensed to issue policies of insurance within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the address set forth above and regularly issues policies of insurance within the City and County of Philadelphia.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the parties to this action pursuant to 28 U.S.C. §1331, there being complete diversity of citizenship between the parties and the amount in controversy may be in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania because the events giving rise to Plaintiff’s claims arose with in the Eastern District of Pennsylvania.

**FACTS**

5. Defendant, in its regular course of business, issued to Plaintiff a policy of insurance ("the Policy") covering Plaintiff's property located at 1388 Bridgewater Rd., Bensalem, PA 19020p ("the Property"). A true and correct copy of the declarations page of said policy is attached hereto and incorporated herein as Exhibit "A."

6. The policy provides coverage for fire and related damage to the structure and contents as well as coverage for lost business income.

7. The policy also contains an appraisal provision which indicates as follows;

> **C. Loss Conditions**
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
> **1. Appraisal**
> If we and you disagree on the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.
> The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of Net Income and operating expense or amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our

right to deny the claim.

8. On or about December 10, 2022, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a peril insured against under the Policy.

9. Notice of this covered loss was given to Defendant in a prompt and timely manner, and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

10. Defendant accepted coverage for the loss as this event was covered under the policy.

11. A disagreement arose between the parties as to the amount of the loss.

12. Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the damages suffered as a result of the Loss.

13. Plaintiff filed a Writ of Summons in the Court of Common Pleas in Philadelphia, PA on December 2, 2024.

14. Following the filing of the Writ, Plaintiff filed a Motion to Compel Appraisal in accordance with the terms of the policy.

15. Defendant removed the matter to Federal Court where the Motion to Compel was ultimately denied, with the court indicating that the following issues were outstanding and not to be determined in appraisal:

a. Whether Plaintiff can claim … losses requires a court to address, or the Parties to resolve, the threshold issue of whether the affiliated entities are covered by the insurance policy.

b. The Parties dispute which sections of the insurance policy apply to older books and whether the policy covers losses suffered by affiliated entities. Because those are issues of policy interpretation and coverage, rather than solely a matter of assigning a dollar amount of Plaintiff's loss, "appraisal is premature at this time."

16. Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount not in excess of $50,000.00 but less than $75,000.00, inclusive of all counts.

## COUNT I
## In Assumpsit - Breach of Contract

17. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

18. Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

19. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's loss, Defendant has not paid to Plaintiff all of the policy benefits to which Plaintiff is entitled under the Policy and has refused to provide funds sufficient to bring Plaintiff's property to pre-loss condition.

20. Defendant's denial of coverage was made without a reasonable basis in fact.

21. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount not in excess of $50,000.00 but less than $75,000.00 together with interest and court costs, inclusive of all counts.

WHEELER DIULIO & BARNABEI, P.C.

*BY:* *__/s/ Anthony DiUlio_____________*
ANTHONY DIULIO, ESQUIRE
*Attorney for Plaintiff*

Date: April 14, 2026

**VERIFICATION**

I, Anthony DiUlio, counsel for Plaintiff, verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

WHEELER DIULIO & BARNABEI, P.C.

BY: __*/s/_Anthony DiUlio*_____
ANTHONY DIULIO, ESQ.
*Attorney for Plaintiff*

Date: April 14, 2026