**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EBOOKS WEB COM, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE HANOVER INSURANCE GROUP,<br><br>Defendants. | CIVIL ACTION NO. 2:25-cv-02923-CFK |

**ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

The Hanover Insurance Company, incorrectly designated as The Hanover Insurance Group ("Hanover"), files the following Answer and Defenses to Plaintiff's Complaint.

**PARTIES**

1. The averments contained in Paragraph 1 are admitted in part and denied in part. Upon information and belief, it is admitted that Plaintiff sells books online. It is denied that the Complaint identifies Plaintiff's address. Upon information and belief, Plaintiff is a Pennsylvania limited liability company with its principal place of business located at 1388 Bridgewater Rd., Bensalem, Pennsylvania 19020.

2. The averments contained in Paragraph 2 are admitted in part and denied in part. It is admitted that Hanover is a corporation authorized to issue policies of insurance in Pennsylvania, including Philadelphia. It is denied that the Complaint identifies Hanover's address. By way of further answer, Hanover is a New Hampshire corporation with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653.

## JURISDICTION AND VENUE

3. The averments contained in Paragraph 3 constitute legal conclusions to which a response is not required. To the extent a response is required, it is admitted that this Court has subject matter jurisdiction as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The averments contained in Paragraph 4 constitute legal conclusions to which a response is not required. To the extent a response is required, it is admitted that Venue is proper in this Court.

## FACTS

5. The averments contained in Paragraph 5 make reference to a written document that speaks for itself and any characterization of the same is denied. It is denied that Exhibit A is the correct declarations page of the subject insurance policy, as it relates to a policy period preceding the subject loss. It is admitted that Hanover issued Policy No. ZHY H214916 02, with effective dates of March 24, 2022 to March 24, 2023 ("Policy"), to EBooks Web Com LLC and relative to the property located at 1388 Bridgewater Road, Bensalem, PA 19020, subject to all of the Policy's terms, conditions, declarations, definitions, limitations, exclusions and endorsements.

6. The averments contained in Paragraph 6 make reference to a written document that speaks for itself and any characterization of the same is denied.

7. The averments contained in Paragraph 7 make reference to a written document that speaks for itself and any characterization of the same is denied.

8. The averments contained in Paragraph 8 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, it

is admitted that the subject property sustained a loss on December 10, 2022 resulting from an intentionally-set fire to a warehouse.

9. The averments contained in Paragraph 9 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, it is admitted that Plaintiff submitted a claim in connection with the subject loss.

10. The averments contained in Paragraph 10 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, the averments contained in Paragraph 10 are denied. Hanover has not fully accepted coverage under the Policy, where items of coverage are disputed.

11. The averments contained in Paragraph 11 are denied. The dispute is not about the amount of loss; rather items of coverage are disputed.

12. The averments contained in Paragraph 12 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, the averments contained in Paragraph 10 are denied.

13. The averments contained in Paragraph 13 are admitted.

14. The averments contained in Paragraph 14 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, the averments contained in Paragraph 14 are denied, as appraisal under the terms of the Policy is not appropriate under the circumstances.

15. The averments contained in Paragraph 15 are admitted in part and denied in part. It is admitted that Hanover removed this matter to this Court. The Court decisions to which reference is made in Paragraph 15 are written documents that speak for themselves and any characterization of the same is denied.

16. The averments contained in Paragraph 16 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, the averments contained in Paragraph 14 are denied.

**COUNT I**
**In Assumpsit – Breach of Contract**

17. Hanover incorporates herein by reference Paragraphs 1 through 16 of this Answer as though the same were set forth fully herein.

18. The averments contained in Paragraph 18 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, to the extent it is averred, alleged or otherwise implied that Hanover has not fully indemnified Plaintiff with respect to the subject loss, the same is denied.

19. The averments contained in Paragraph 19 make reference to a written document that speaks for itself and any characterization of the same is denied. By way of further answer, to the extent it is averred, alleged or otherwise implied that Hanover has not fully indemnified Plaintiff with respect to the subject loss, the same is denied.

20. The averments contained in Paragraph 20 are denied. By way of further answer, to the extent it is averred, alleged or otherwise implied that Hanover has not fully indemnified Plaintiff with respect to the subject loss, the same is denied.

21. The averments contained in Paragraph 21 constitute legal conclusions to which a response is not required. To the extent a response is required, the averments contained in Paragraph 21 are denied. By way of further answer, to the extent it is averred, alleged or otherwise implied that Hanover has not fully indemnified Plaintiff with respect to the subject loss, the same is denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

### FIRST DEFENSE

22. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

23. Plaintiff's claims may be barred by the doctrines of waiver and/or estoppel.

### THIRD DEFENSE

24. Plaintiff's claims may be barred in whole or in part by the doctrines of payment, and accord and satisfaction.

### FOURTH DEFENSE

25. Plaintiff's claims may be barred by the doctrine of release.

### FIFTH DEFENSE

26. Plaintiff's claims may be barred by the doctrine of setoff.

### SIXTH DEFENSE

27. Plaintiff's claims may be barred by the doctrines of *res judicata* and/or collateral estoppel.

### SEVENTH DEFENSE

28. Plaintiff's claims may be barred by the applicable statute of limitations.

### EIGHTH DEFENSE

29. Plaintiff's claims may be barred by the doctrine of laches.

### NINTH DEFENSE

30. Plaintiff's claims may be barred by a lack of standing.

---

[1] By pleading the defenses set forth herein, Hanover is not assuming any burden of proof that it would not otherwise have with respect to certain defenses.

**<u>TENTH DEFENSE</u>**

32. Plaintiff's claims may be barred by a failure to mitigate damages.

**<u>ELEVENTH DEFENSE</u>**

33. The terms, conditions, declarations, definitions, limitations, and exclusions of Policy No. ZHY H214916 02, effective from March 24, 2022 to March 24, 2023, are incorporated by reference herein and raised by Hanover as a defense to Plaintiff's claims.

WHEREFORE, Hanover denies any liability to any party under any theory and respectfully requests judgment in its favor.

Date: June 24, 2026

Respectfully submitted,

HOUSTON HARBAUGH, P.C.

/s/ *Christopher M. Jacobs*
Henry M. Sneath (Pa. ID. No. 40559)
sneathhm@hh-law.com
Christopher M. Jacobs (Pa. ID. No. 89092)
jacobscm@hh-law.com
Lisa R. Whisler (Pa. ID. No. 312032)
whislerlr@hh-law.com
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
412-281-5060
412-281-4499
*(Counsel for Defendant The Hanover Insurance Company)*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2026, a true and correct copy of the foregoing **ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was filed and served on counsel of record via the United States District Court for the Eastern District of Pennsylvania's CM/ECF system.

HOUSTON HARBAUGH, P.C.

/s/ *Christopher M. Jacobs*________