**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EBOOKS WEB COM, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE HANOVER INSURANCE GROUP,<br><br>Defendants. | CIVIL ACTION NO. 2:25-cv-02923-CFK |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on July 14, 2026 and submit the following report of their meeting for the Court's consideration:

**I. Discussion of Claims, Defenses and Relevant Issues**

Plaintiff's Narrative:

This matter surrounds a first-party commercial insurance claim submitted by insured-Plaintiff, E Books Com, LLC, and insurer-Defendant, The Hanover Insurance Group. Plaintiff owned a warehouse, located at 1388 Bridgewater Road, Bensalem, PA 19020, that Plaintiff operated an online bookstore from. On or about December 12, 2022, Plaintiff's warehouse caught fire, burning more than 1.8 million books stored inside. Plaintiff retained Claim Warrior, LLC, and later Sabiki Consulting, to present the valuation of books that burned in the fire, and the experts valued Plaintiff's claim at over $16 million across all available coverages. Defendant conducted an investigation of the claim, resulting in over $4 million in payments. Plaintiff sought to participate in the appraisal process, an alternative dispute resolution process afforded by the policy at issue, but this Honorable Court held that there are additional questions that need to be answered by a factfinder before the matter may be ripe for appraisal. There remains a coverage dispute over approximately $12 million. This dispute remains due to disagreements over the value of the books themselves, their value on the market because of their subject matter, and projections for losses caused by business interruption.

Plaintiff's Policy contains coverage for the structure itself, the business personal property, business income lost due to a covered cause of loss, and any extra expenses that flow therefrom. There is no dispute that fire is a covered cause of loss; rather, the remaining dispute is one of extent of coverage and whether Defendant has paid the entirety of benefits available to Plaintiff under the Policy.

Defendant's Narrative:

Hanover has paid $4.25 million to Plaintiff for its alleged lost business income and extra expense ("BI/EE") arising out of the intentionally-set December 10, 2022 fire at a warehouse in which Plaintiff was a tenant. Plaintiff is in the business of selling books online and its inventory was stored in the warehouse that was destroyed by the arson. Plaintiff's inventory was predominantly comprised of older books that had not been sold in years, although the inventory did include some newer/current titles that sold with relative frequency. Hanover has paid the Replacement Cost Value of the newer/current books that Plaintiff has replaced and has applied the Actual Cash Value to the older books, taking their obsolescence into account per the terms of the subject insurance policy. Plaintiff, however, wants even more money. In an effort collect more, Plaintiff has replaced many of its essentially non-selling book titles from its older inventory with largely current (and thus more expensive) titles and seeks Replacement Cost Coverage for those purchases. These purchases of "new" titles to replace old ones do not represent the replacement of the damaged inventory under the terms of the insurance policy as they are not the replacement of damaged property "with material of like kind and quality."

Against this backdrop, Plaintiff has submitted financial records and tax returns in connection with the BI/EE claim that were examined by Hanover's forensic accountants, who identified inconsistencies and inaccuracies in the same. Plaintiff acknowledged the inaccuracies, but then effectively re-submitted the same inaccurate and unverifiable information that contained the same flawed and inconsistent data that precludes an accurate estimation of Plaintiff's alleged lost business income and extra expenses incurred as a result of the fire loss. In discovery, Hanover will seek to explore why the financial data is inaccurate and inconsistent and will endeavor to discover and assess the true status of Plaintiff's business—pre-arson—in order to appropriately and accurately evaluate the BI/EE claim.

Some of the financial data submitted by Plaintiff demonstrates that the sole member of the Plaintiff-LLC (Muhammad Khalid Bashir) created multiple affiliated entities that operate as "ghost" companies in the online bookselling marketplace—i.e., each of these entities offers the same books online at different prices, with the Plaintiff-LLC offering the best/lowest price. This approach is designed to drive the majority of sales to Plaintiff. The tax filings submitted by Plaintiff identify sales and income for these multiple affiliated entities and although the accuracy of those figures have been questioned by Hanover's accountants, they have been used and relied upon by Plaintiff in connection with the BI/EE claim. These affiliated entities, however, are not identified as insureds under the subject insurance policy, raising the question of whether any sales attributed to them can be considered with respect to the BI/EE claim. Hanover will seek to discover the relationship among the Plaintiff-LLC and the other LLC's and how the same may factor into the claim.

Prior to the arson, Mr. Bashir was in partnership with other individuals, whom he claims to have bought out in 2017 or 2018.

The ATF investigation regarding the arson remains ongoing and criminal proceedings in the Eastern District of Pennsylvania have already occurred. Two of the individuals who committed the arson pled guilty and testified against a third individual, who was also convicted of arson and other related crimes. The criminal investigation has revealed that during the time period surrounding the December 10, 2022 arson, Mr. Bashir was in frequent communication with two of his allegedly former business partners. The investigation also indicated that during this same time period, at least one of those former business partners was in frequent communication with the individual who was convicted of the arson. Hanover will seek to discover the nature of that prior business relationship, the circumstances surrounding Mr. Bahsir's purported "buyout" of his partners' business interests, and whether any of those former partners may actually still have an interest in Plaintiff's business and/or its inventory.

## II. Informal Disclosures

Informal disclosures pursuant to Rule 26(a)(1) were made on July 14, 2026, including the identification of witnesses that may have discoverable information, description by category of all documents, electronically stored information and tangible things that may be used to support the parties' respective claims or defenses, a computation of each claimed category of damages, and identification of the insurance agreement that may satisfy all or part of any judgment.

## III. Formal Discovery

Given the complex nature of the financial and business inventory information at issue in connection with the Plaintiff's lost business income and extra expense claim, the parties respectfully request 120 days for the completion of fact discovery and propose the following discovery schedule based thereon:

| | |
|---|---|
| (a) Completion of Fact Discovery: | November 20, 2026 |
| (b) Plaintiff's Expert Report: | December 21, 2026 |
| (c) Defendant's Expert Report: | January 20, 2027 |
| (d) Completion of Expert Depositions: | March 19, 2027 |

## IV. Electronic Discovery

The parties are familiar with and discussed the items contained on the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information on July 14, 2026.

The parties do not anticipate that the discovery of electronically stored information will be a significant cost or burden.

The parties have agreed that, in light of the facts and issues in this case, a formal ESI discovery plan is not necessary and that ESI discovery will be conducted by individual investigation by each party and its counsel with production through Sharefile links. Bates numbers are required. Production in .tiff or .pdf (with OCR-searchable files) are required.

## V. Expert Witness Disclosures

To the extent they are not already identified in the parties' respective Rule 26(a)(1) disclosures, the parties have agreed that the identity and anticipated testimony of expert witnesses will be disclosed via service of their respective expert reports on the dates identified above.

The parties anticipate that expert depositions will be necessary.

## VI. Early Settlement or Resolution

The Court's June 30, 2026 Order (ECF No. 39) referred this matter to Magistrate Judge Katayoun Copeland to conduct a settlement conference upon certification by the parties that they are ready to proceed with the same in good faith.

The parties agree to seek a settlement conference with Magistrate Judge Katayoun Copeland when the parties are in a realistic position to potentially settle this matter.

Counsel has discussed ADR options with their respective clients, including the prospect of the judicial settlement conference with Magistrate Judge Katayoun Copeland.

## VII. Trial

The parties anticipate that they will be ready for trial in June 2027.

The parties anticipate that the length of the entire trial will be 5-6 days, with each party anticipating that the presentation of its individual case will require 2-3 days.

The parties do not anticipate the necessity of a Final Pretrial Conference & Order at this time.

## VIII. Other Matters

The parties do not require discussion or agreement on any other matters not addressed above.

## IX. Discovery and Objections

Counsel certifies that they have read Judge Kenney's guidelines as to discovery and objections.

Dated: July 16, 2026

Respectfully submitted,

WHEELER, DiULIO & BARNABEI, P.C.

By: __/s/Gabrielle Beers______________
Anthony DiUlio, PA I.D. No. 312763
adiulio@wdblegal.com
Gabrielle Beers, PA, PA I.D. No. 332006
gbeers@wdblegal.com
1650 Arch Street
Suite 2200
Philadelphia, PA 19103
*(Counsel for Plaintiff EBooks Web Com, LLC)*

HOUSTON HARBAUGH, P.C.

By: /s/ Christopher M. Jacobs______
Henry M. Sneath, PA I.D. No. 40559
sneathhm@hh-law.com
Christopher M. Jacobs, PA I.D. No. 89092
jacobscm@hh-law.com
Lisa R. Whisler, PA I.D. No. 312032
whislerlr@hh-law.com
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
*(Counsel for Defendant The Hanover Insurance Company)*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, a true and correct copy of the foregoing **REPORT OF RULE 26(f) MEETING** was filed and served on counsel of record via the United States District Court for the Eastern District of Pennsylvania's CM/ECF system.

WHEELER, DIULIO & BARNABEI, P.C.

/s/ Gabrielle Beers
Gabrielle Beers